```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION


KOWANA JACKSON,                      :
                                     :
     Plaintiff,                      :
                                     :
vs.                                  :
                                     :    CIVIL ACTION 13-0639-KD-M
HALCYON REHABILITATION, L.L.C.,      :
                                     :
     Defendant.                      :
```

REPORT AND RECOMMENDATION

The Motion to Dismiss filed by Defendant Halcyon Rehabilitation, L.L.C. (Doc. 18) and the Motion to Strike filed by Plaintiff Kowana Jackson (Doc. 23) have been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1331 (Doc. 13, pp. 1-2).  After consideration, it is recommended that Defendant's Motion to Dismiss (Doc. 18) be denied and that Plaintiff's Motion to Strike (Doc. 23) be granted.

The facts are, briefly, as follows.  Plaintiff Jackson began working full-time at Defendant's facility on April 1, 2012

1

as an Occupational Therapist through her employer, ATC[1] Healthcare Travelers (Doc. 13, ¶ 7).  In July 2012, Halcyon bought out Plaintiff's employment contract with ATC; Jackson became Defendant's employee, performing the same duties she had always performed (Doc. 13, ¶¶ 9-10).  On April 1, 2013, Plaintiff became ill and texted her supervisor, Jennifer Graham, that she was ill and would not be able to work that day (*id.* at ¶¶ 8, 21).  The next day, Jackson was hospitalized because of a lifelong heart condition (*id.* at ¶¶ 13, 23).  Graham texted Plaintiff that someone needed to contact her, so Jackson's son called and talked with Graham about her mother's heart condition (*id.* at ¶¶ 24, 26).  On April 5, Halcyon informed Plaintiff, by way of letter, that she had been terminated because she had abandoned her employment position (*id.* at ¶ 28).  Jackson asked to be reinstated to her position or transferred to another position, but has yet to be contacted for further employment (*id.* at ¶¶ 34-37).

On December 27, 2013, Plaintiff initiated this action with the filing of a Complaint (Doc. 1).  On February 13, 2014, Jackson filed an Amended Complaint, asserting the following claims:  (1) race discrimination in violation of Title VII and

---

[1]ATC is not a party to this action.

42 U.S.C. § 1981; (2) disability discrimination in violation of the Americans with Disabilities Act (hereinafter *ADA*); and (3) interference with the Family Medical Leave Act (Doc. 13).

On February 27, Defendant filed a Motion to Dismiss Jackson's claim brought under the ADA (Doc. 18).  Plaintiff has responded to the Motion (Doc. 21) to which Halcyon has replied (Doc. 22) to which a surreply has been filed (Doc. 33).  In response to Defendant's reply to the Motion to Dismiss, Plaintiff has filed a Motion to Strike (Doc. 23) to which Halcyon has responded (Doc. 30).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[2] While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do." *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556

---

[2] *Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The U.S. Supreme Court has done away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007). The Court, nevertheless, finds *Conley*'s statement regarding the purpose of Rule 8(a)(2) to be useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

U.S. 662, 679 (2009) (citing *Twombley*, 550 U.S. at 556).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).  As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed."  *Twombly*, 550 U.S. at 570.  It is noted, however, that a complaint may be dismissed, under Federal Rule of Civil Procedure 12(b)(6), "on the basis of a dispositive issue of law."  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)), *cert. denied*, 502 U.S. 810 (1991).

   Halcyon's Motion seeks to dismiss Jackson's claim under the ADA (Doc. 18).  The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  To establish a *prima facie* case of discrimination under the ADA, Jackson must show the following:  (1) she is disabled; (2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability.

*Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255-56 (11th Cir. 2007).

The issue raised in this Motion invokes the second *Holly* prong and that only tangentially.  Defendant's argument in seeking this dismissal is that Plaintiff did not ask for a reasonable accommodation because of her disability (Doc. 18, pp. 7-10).  The "reasonable accommodation" over which the Parties are arguing is whether Jackson should have been allowed to "text in"—as opposed to calling in—her absence because of her disability.

*Holly* provides the following guidance:

> In order to make out the second prong of [her] prima facie case, [Jackson] must prove that [s]he is a "qualified individual"—that is, someone with a disability who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8); *see also Earl* [*v. Mervyns, Inc.*], 207 F.3d [1361,] 1365 [(11th Cir. 2000) (*per curium*)].  "Accordingly, an ADA plaintiff must show either that [s]he can perform the essential functions of [her] job without accommodation, or, failing that, . . . that [s]he can perform the essential functions of [her] job with a reasonable accommodation."  *D'Angelo* [*v. ConAgra Foods, Inc.*], 422 F.3d [1220,] 1229 [(11th Cir. 2005)].

*Holly*, 492 F.3d at 1256.  *Holly* further notes that "essential functions 'are the fundamental job duties of a position that an

6

individual with a disability is actually required to perform.'" *Holly*, 492 F.3d at 1257 (*quoting Earl*, 207 F.3d at 1365 and *citing* 29 C.F.R. § 1630.2(n)(2)(i)).

The Court notes that no information has been brought forward by either Party regarding this dispute over texting versus calling in to seek sick leave. Nevertheless, the Court finds that Plaintiff's calling in or texting is a matter of company policy and has nothing to do with accommodating the essential functions of her job. This does not rise to the level of an ADA claim wherein Jackson's job responsibilities had to be modified so that she could perform them.

However, in the event that the Court is wrong in finding that this particular squabble has nothing to do with the ADA, the Court makes the following findings.

On April 1, 2013, Plaintiff texted her supervisor that she was sick and would not be reporting to work (Doc. 13, ¶ 21). On April 2, 2013, Jackson's Supervisor texted Jackson that she had heard that Plaintiff was going to be hospitalized and that someone needed to call her (the Supervisor) (Doc. 13, ¶ 24). Defendant's employees—whether disabled or not—commonly texted in their pending absences and were not terminated for doing so (Doc. 13, ¶ 25).

Finding that there has been no showing otherwise, the Court accepts Plaintiff's statements as true. The Court has been led

7

to believe through the arguments made that Defendant has a policy or rule that requires that an employee call in—as opposed to texting in—to inform their supervisor that infirmity would cause them to be absent from work.  Assuming that this is the policy or rule, the Court finds that Halcyon has tacitly amended it to allow texting—rather than calling—in as non-disabled employees have been allowed to do so and Jackson's very own supervisor texted her to have someone call her about the hospitalization.  Defendant's Motion to Dismiss (Doc. 18) on the argument that Jackson did not specifically request an accommodation to her job under the ADA is due to be denied.  It is so recommended.

The Court will now take up Plaintiff's Motion to Strike (Doc. 23).  In that Motion, Jackson asserts that Halcyon, in its reply brief (Doc. 22, pp. 2-5), raised arguments not raised in its Dismissal Motion and should not now be allowed to bring those new arguments.  Plaintiff specifically argues that Defendant should be barred from making any arguments regarding her "disparate treatment legal theory" under the ADA as they were not made in the original motion.  In rebuttal, Defendant argues that Jackson did not raise a disparate treatment claim in the complaint, but has attempted to interject the legal theory in her brief in replying to the Motion to Dismiss (Doc. 30).

The Parties have both cited *Wolfe v. Postmaster Gen.*, 488

8

Fed.Appx. 465, 468 (11th Cir. 2012) for the holding that, to establish an unlawful disparate treatment claim under the ADA, Jackson "must demonstrate that [her] employer treated similarly situated employees outside of [her] protected class more favorably than [s]he was treated."  Ultimately, Plaintiff must show that those similarly situated employees were disciplined differently than she.  *Wolfe*, 488 Fed.Appx. at 468 (*citing McCann v. Tillman*, 526 F.3d 1370, 1373 (11th Cir.), *cert. denied*, 555 U.S. 944 (2008)).

In the section of the Amended complaint setting out her ADA claim, Jackson does not reference any "similarly situated employees outside of [her] protected class" treated more favorably than she was treated (*see* Doc. 10, ¶¶ 47-55).  However, in the opening language of that claim, Plaintiff "realleges and incorporates by reference" her previous assertions (*id.* at ¶ 47).  Previous allegations include the following:

> 25.  It was common for employees of Defendant to "call in" via text message, and white employees and/or non-disabled employees would communicate via text message when they needed to be out of work for personal or health reasons.  These white and/or non-disabled employees, including but not limited to Betty Amanda Hoppizertal, were not terminated for violating Defendant's call-in policy by "calling in" by means other than telephone.

```
        ***
            39.  Plaintiff was replaced by a white,
        non-disabled employee.
```

(Doc. 13).  The Court finds that these bare allegations were sufficient to put Defendant on notice that Jackson was raising a disparate treatment legal theory in her ADA claim.  Though Plaintiff's claim of disparate treatment under Title VII left no doubt of the claim raised (*see id.* at ¶¶ 41-43), the claim under the ADA is not so well-defined.  The Court, nevertheless, finds that Jackson has stated a claim under the ADA, if only barely.

Therefore, it is recommended that Plaintiff's Motion to Strike be granted (Doc. 23) and that the portion of Halcyon's reply brief that urges this Court to deny Jackson's ADA claim on the basis that she raised no disparate treatment legal theory in bringing that claim be denied (Doc. 22, pp. 2-5).

In summary, it is recommended that Defendant's Motion to Dismiss (Doc. 18) be denied and that Plaintiff's Motion to Strike (Doc. 23) be granted.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file

specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 22nd day of April, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE